STOKER, Judge,
dissenting.
For the reasons stated by Judge Culpep-per I respectfully dissent. I add the following comments in addition.
Mr. Lejeune agreed in the stipulation to attempt to get the retirement system to pay Mrs. Lejeune’s share to her directly. The words “obligates himself to facilitate the remittance,” etc. do not constitute an agreement on his part to pay her himself. Those words mean that Mr. Lejeune would try to get the retirement system to pay Mrs. Le-jeune her monthly share on a direct basis without having to go through him.
Mr. Lejeune agreed “not to take any action which would divest the said Hazel Maine Trosclair Lejeune from monthly receipt of these payments.” As I understand it, Mr. Lejeune was working in his new contract relationship with the assessor when the parties made their contract. After the contract *217 was entered into, Mr. Lejeune took no action to the prejudice of Mrs. Lejeune’s rights. Nothing in the record suggests that Mr. Le-jeune sought the opinion from the Attorney General or desired such a ruling as the Attorney General made. In order to make the trial judge’s disposition hold water, one must necessarily convert the “take no action” agreement into an agreement “to take action” in the form of Mr. Lejeune ceasing to work for the assessor doing the work he formerly did as a direct employee.
What happened in this case was not the fault of either of the parties. Both were adversely affected.